27075. JENKINS *v.* THE STATE.

.DECIDED SEPTEMBER 7, 1938.

*Swift Tyler,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general,
J. W. LeCraw,* contra.

GUERRY, J. The defendant was found guilty of maintaining and operating a lottery prohibited by the Code, § 26-6502, the lottery being known as a "number game." As to the method of operation of this lottery, see *Cutcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 580). In addition to the facts set out in that decision as to the method of operation of this lottery, the following facts are important, as taken from an agreed statement appearing in the record: "The headquarters of the lottery is the place where the bankers or operators of a lottery gather and receive all of the tickets that are gathered by all of the pick-up men and the agents, and there sorted out and the amount of their receipts and losses ascertained, usually using adding machines for this purpose, and a record thus made on an adding machine setting out the amounts of each writer's receipts, together with the writer's number or name, is known as a lottery ribbon." It appears from the evidence that an officer went to the defendant's home on the date .set out in the indictment. He went into the kitchen and found the defendant standing over the kitchen table, "checking the money." Three other men were present. A number of "lottery ribbons" were found in the defendant's pocket. He told the officer that they were "lottery ribbons," and that the money was "lottery money." The money consisted of 2 five-dollar bills, 11 one-dollar bills, 3 fifty-cent pieces, 5 quarters, 16 dimes, 12 nickels,

and 72 pennies. The ribbons were clean and the officer concluded that they had been recently made. The defendant explained to the officer the meaning of the figures on the slips, some figures representing "hits," some "writers," and some the amount of the "hits." He further explained that he "thought he was working for one of the Hall boys, but he didn't know which one it was." The defendant, as appears from the record, made no statement and introduced no evidence.

The jury has found, as we think the evidence clearly indicates, that the defendant was an integral part of a lottery organization. Maintaining and operating a lottery is a misdemeanor, and all who participate therein are principals. Why, if the defendant was innocent, was he in possession of "lottery ribbons" and "lottery money"? If he was innocent, why was he so thoroughly familiar with the make-up of the "lottery ribbons"? What did he mean when he said he "thought he was working for one of the Hall boys"? Was this, when taken in connection with his possession of "lottery ribbons" and "lottery money," an admission that he was employed by a lottery operator? The jury has effectively answered these questions by its verdict finding the defendant guilty, and we do not feel disposed or authorized to upset their finding.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*